**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

v.

**The KANSAS CITY SOUTHERN RAILWAY COMPANY, a Missouri Corporation, Respondent.**

No. 28479.

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 12, 1977.

Application to Transfer Denied Nov. 14, 1977.

**230**

Bruce A. Ring, Chief Counsel, State Highway Commission, Jefferson City, Earl H. Schrader, Jr., Asst. Counsel, James R. Sandifar, Kansas City, for appellant.

Robert D. Youle, Eric T. Swanson, Kansas City, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Action in eminent domain to acquire lands owned by Kansas City Southern Railway Company for construction thereon by State Highway Commission of a railroad bridge over Interstate Highway I–435, as ordered by the Missouri Public Service Commission, in which the landowner claimed damages for both taking and severance. Appeal from judgment for condemnation damages as to and affecting landowner's realty. The question is whether the landowner has a legal right to recover damages. Affirmed.

Both parties excepted to the commissioners' award, waived jury trial of their exceptions, and submitted the cause by stipulation:

"This cause is SHC's condemnation suit against KCSo and affecting KCSo realty for a part of the route and right-of-way for Interstate Highway I–435, in the vicinity of 76th Street of Kansas City, Missouri, were said street extended; and the intersection of I–435 and KCSo rail tracks * * * may be referred to as the 76th Street crossing.

"Suit was commenced by filing of Condemnation Petition * * * for plaintiff's acquisition of easement for right-of-way for location of a dual 36 ft. lane controlled access highway with a separation of grade between said highway and rail tracks, at said 76th Street crossing area. The * * area of KCSo realty imposed with SHC's permanent highway easement * * * comprises 3.2855 acres * * * ;

"As the proposed construction involved a grade separation between a new highway and existing rail tracks, as required by R.S.Mo. (1959) Sec. 389.640 the SHC had preliminary to this suit applied to the Missouri Public Service Commission * * * for authority therefor * * *.

"Condemnation, as requested by the Petition * * * was entered * * * ;

" * * * and after condemnation was entered * * *, the SHC constructed the overhead grade separation structure at its expense * * *.

" * * * [t]he PSC * * * issued its ' * * * Order,' * * * that defendant KCSo 'shall pay 100% of the cost of all future maintenance of the overpass structure.' [1]

"Plaintiff SHC makes no claim * * * of offsetting special benefits * * *.

"Defendant KCSo makes no claim for damages from the disruption of its normal rail operations during the period of construction of I–435 and said separation bridge, or from the imposition of temporary construction easements * * * or from limitation of access from KCSo's abutting property to I–435 * * *. KCSo's claim for damages in condemnation is based upon the taking of the permanent easement * *.

"Said KCSo realty now is, was at the time of taking * * *, and had been for more than 40 years * * *, used exclu-

sively for the route and right-of-way of an operating interstate railroad system known as 'The Kansas City Southern Lines' * * ; that KCSo's main-line tracks was and is [sic] useful and valuable in its business and required for the operation of its railroad system. * * * as an operating interstate common carrier is under government regulations by the Missouri Public Service Commission as well as by the Interstate Commerce Commission and cannot abandon or change its operating routes (including that of the main line here affected) without their consent and approval.

"Prior to this condemnation and the construction for I–435, defendant's main-line track was at grade or upon the ground level at the now 76th Street crossing * * *.

" * * * there had been no street, road or highway crossing the KCSo tracks at or in the vicinity of the now 76th Street crossing; the location involved lies eastward of an undeveloped large area of Swope Park * * * through which streets were not extended.

"After the construction for I–435 * *, defendant's main-line rail tracks [single] are located upon an overhead bridge structure over I–435 at the 76th Street crossing. * * *

"KCSo has now generally the same use, as previously, of its tracks upon the bridge over I–435 as a route for its railroad operations.

"On the route of I–435, from Kansas-Missouri State Line at about 105th Street on the south side of Kansas City, Missouri, eastwardly, then northerly and crossing the Missouri River and to the intersection with Routes I–29 and I–35 in North Kansas City, new I–435 crosses and intersects the rail lines of various railroad at numerous locations (having from eight to ten such crossings), all of which are with grade separa-

---

1. This order resulted from application of the general rule on maintenance of grade separation structures at highway railway crossings that the user of the upper structure maintains the entire structure unless there are some definite conditions which would compel a different conclusion. See *State ex rel. State Hwy.* *Com'n v. Public Serv. Com'n*, 459 S.W.2d 736, 739–740 (Mo.App.1970), involving this particular crossing. See also *State ex rel. Alton R. Co. v. Public Serv. Com'n*, 334 Mo. 995, 70 S.W.2d 57 (1934); *State ex rel. Wabash Ry. Co. v. Public Serv. Com'n*, 340 Mo. 225, 100 S.W.2d 522 (1936).

tion. In all instances * * * I–435 is carried upon the bridge structure over the rail tracks, except only at the KCSo track at the 76th Street crossing * * *.

"Defendant KCSo's realty, because of its width, location, past and present use and the terraine involved, is specialized one-use realty, no[t] normally sold or bought in the market. It therefore had no normal fair market value at the time of the taking * * *, or in the reasonably foreseeable future.

" * * *

"Plaintiff SHC agrees that defendant's witnesses would testify as reviewed * *, in support of defendant's claim of diminution in value for railroad use of its 3.2855 acres of right-of-way condemned and subjected to a permanent easement for highway purposes, over which * * * defendant's tracks are permitted to cross on the overhead bridge. While denying that defendant is entitled to any recovery herein, plaintiff SHC expressly stipulates that if defendant has a legal right to recover damages in condemnation herein, then defendant KCSo is entitled to recovery and judgment in the amount of $23,000.00."

Appellant contends that the court erred in its award of condemnation damages to Kansas City Southern because any burden imposed on the railroad by construction of the 76th Street crossing was the result of a valid exercise of the state's police power by the Public Service Commission and did not constitute a compensable taking of the railroad's property. Appellant contends also that the court's judgment is erroneous for the reason it is an unlawful collateral attack on a final order of the Public Service Commission.

Appellant argues that the judgment permits the railroad to recover as condemnation damages the expense of maintaining the grade separation structure, the cost of which was apportioned to the railroad, and thereby to collaterally attack, circumvent, and nullify the order of the Public Service Commission.

The difficulty and misconception in appellant's position is demonstrated by its jurisdictional statement that "this is a civil action in which the issue is entitlement of defendant to compensation for the increased expense of maintaining its grade separating structure, the burden of which expense is placed upon defendant by final order of the Missouri Public Service Commission * * *."

■■■■ Contrary to the foregoing assertion, the stipulation demonstrates that this is an action in condemnation by the State Highway Commission as opposed to an exercise of police power by the Public Service Commission. There is no question that the Public Service Commission has and exercises police power as the exclusive agency to control railroad crossings and to determine and order, among other things, apportionment of the cost of maintenance of a crossing such as the railroad bridge over I–435 in this case. § 389.640, RSMo 1969; *State ex rel. State Highway Com'n v. Conrad*, 310 S.W.2d 871 (Mo.1958); *State ex rel. Alton R. Co. v. Public Serv. Com'n*, 334 Mo. 995, 70 S.W.2d 57 (1934); *State ex rel. Chicago Great Western R. Co. v. Public Serv. Com'n*, 330 Mo. 729, 51 S.W.2d 73 (1932); *State ex rel. C.R.I. & P. R. Co. v. Public Serv. Com'n*, 441 S.W.2d 742 (Mo.App.1969); *Liddle v. Thompson*, 236 Mo.App. 1071, 162 S.W.2d 614 (1942); *Wabash R. Co. v. City of Wellston*, 276 S.W.2d 208 (Mo.1955). The police power of the Public Service Commission, however, is not at issue or subjected to collateral attack in this case. Neither is there any issue with respect to the power of the State Highway Commission under the Missouri Constitution, Article VI, Section 29, to construct a highway. What is at issue is the exercise of that power under Missouri Constitution, Article I, Section 26, which requires just compensation for private property taken or damaged for public use by the State Highway Commission.

With respect to the issue, it is beyond dispute that 3.2855 acres of land owned by the Kansas City Southern Railway Company was condemned and taken for public use by the State of Missouri by and through its State Highway Commission; and just compensation for such taking was the constitu-

tional right of the landowner. Both construction by the State Highway Commission of the I–435 and 76th Street railroad crossing and involvement of the Public Service Commission flowed from the action of SHC in bringing the condemnation suit. The Public Service Commission does not condemn land or construct highways. It only approved the grade separation in question and apportioned the costs of its maintenance pursuant to statutory mandate. That action of the State Highway Commission in this situation is subject to such approval and apportionment by the Public Service Commission is not a basis for depriving the landowner of compensation for taking and damage occasioned by the condemnation and construction. Whatever damage Kansas City Southern suffered by the taking was caused by the condemnation by the State Highway Commission. *State ex rel. State Highway Com'n v. Southern Develop. Co.*, 509 S.W.2d 18, 29–30 (Mo. 1974).

The parties stipulated "that if defendant has a legal right to recover damages in condemnation herein, then defendant KCSo is entitled to recovery and judgment in the amount of $23,000.00." The landowner's legal right to recover in this condemnation has been demonstrated, and the court properly awarded the stipulated[2] sum as the landowner's damages.

Judgment affirmed.

All concur.

---

**2.** With the damages so stipulated, it is not necessary to pass on the elements of damage which the court may consider in such cases. Suffice to observe that assessment of damages for condemnation of special use properties requires application of special rules. See, e. g., *State v. Barbeau*, 397 S.W.2d 561 (Mo.1965), and *State ex rel. State Highway Com'n v. Mount Moriah Cem. Ass'n*, 434 S.W.2d 470 (Mo.1968), dealing with cemetery properties; *City of St. Louis v. Union Quarry & Const. Co.*, 394 S.W.2d 300 (Mo.1965), dealing with a former quarry used as a dump; *State ex rel. State*

*Highway Com'n v. Southern Develop. Co.*, 509 S.W.2d 18 (Mo.1974), approving a capitalization method where special use property not having normal fair market value is involved; *State v. Conrad*, 310 S.W.2d 871 (Mo.1958), dealing with taking of a portion of railroad right of way for a crossing and recognizing that the measure of damages is the diminution of value of the property for railroad use. See also 29A C.J.S. Eminent Domain § 164; 18 Am.Jur. Eminent Domain § 269; 4 Nichols on Eminent Domain, 3rd Ed., § 14.247; 2 Lewis, Eminent Domain, 3rd Ed., § 753 (503f).